## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

TRACY DOHERTY, EDUARDO AVALOS, CAITLIN STABLES, ALISSA BODIE, EDUARDA CARVALHO, TRAVIS ROMERO, JAMES DUFFY, JANETTA DUFFY, ALFRED MAJKO, RYAN AMARAL, JARKIS FULGHEM, ANTHONY LOPEZ, WILLIAM SLATON, AMANDA PUGH, CARLA ALVAREZ, JACQUELINE SILVA, MICHEAL COZAD, DANIEL NEMETH, PATRICK HANLON, JR., and TIFFANY MURO,

        Plaintiffs,

vs.

CAPITAL LINK MANAGEMENT, LLC; JONATHAN RINKER; and SAMUEL PICCIONE,

        Defendants.

Case No. 3:22-cv-1951

## PLAINTIFFS' COMPLAINT

Plaintiffs, TRACY DOHERTY, EDUARDO AVALOS, CAITLIN STABLES, ALISSA BODIE, EDUARDA CARVALHO, TRAVIS ROMERO, JAMES DUFFY, JANETTA DUFFY, ALFRED MAJKO, RYAN AMARAL, JARKIS FULGHEM, ANTHONY LOPEZ, WILLIAM SLATON, AMANDA PUGH, CARLA ALVAREZ, JACQUELINE SILVA, MICHEAL COZAD, DANIEL NEMETH, PATRICK HANLON, JR., and TIFFANY MURO ("Doherty", "Avalos", "Stables", "Bodie", "Carvalho", "Romero", "James Duffy", "Janetta Duffy", "Majko", "Amral", "Fulghem", "Lopez", "Slaton", "Pugh", "Alvarez", "Silva", "Cozad", "Nemeth", "Hanlon", and "Muro" respectively and "Plaintiffs" collectively) by and through their undersigned attorney, alleges the following against Defendants, CAPITAL LINK MANAGEMENT, LLC;

1

SAMUEL PICCIONE; and JONATHAN RINKER (hereinafter "Capital Link", "Rinker", and "Piccione" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and 12 C.F.R. Part 1006 ("Regulation F").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k(d) of the FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within the Northern District of Texas. Plaintiff, Romero – Count VI – resides in the Dallas Division of the Northern District of Texas and a substantial part of the events or omissions giving rise to Romero's claim occurred in the Dallas Division of the Northern District of Texas.

## PARTIES

5. Doherty is a natural person residing in the Town of Bridgewater, Plymouth County, Commonwealth of Massachusetts.

6. Avalos is a natural person residing in the City of San Jose, Santa Clara County, State of California.

7. Stables is a natural person residing in the City of Richmond, Commonwealth of Virginia.

8. Bodie is a natural person residing in the City of Apache Junction, Pinal County, State of

Arizona.

9. Carvalho is a natural person residing in the City of Spokane, Spokane County, State of Washington.

10. Romero is a natural person residing in the City of Dallas, Dallas County, State of Texas.

11. James Duffy is a natural person residing in the Town of Ocean Isle Beach, Brunswick County, State of North Carolina.

12. Janetta Duffy is a natural person residing in the Town of Ocean Isle Beach, Brunswick County, State of North Carolina.

13. Majko is a natural person residing in the City of Chicago, Cook County, State of Illinois.

14. Amaral is a natural person residing in the City of Havelock, Craven County, State of North Carolina.

15. Fulghem is a natural person residing in the City of Lee's Summit, Jackson County, State of Missouri.

16. Lopez is a natural person residing in the City of Westminster, Orange County, State of California.

17. Slaton is a natural person residing in the City of Boaz, Marshall County, State of Alabama.

18. Pugh is a natural person residing in the Town of Pulaski, Pulaski County, Commonwealth of Virginia.

19. Alvarez is a natural person residing in the City of Laredo, Webb County, State of Texas.

20. Silva is a natural person residing in the City of Coconut Creek, Broward County, State of Florida.

21. Cozad is a natural person residing in the Township of Magna, Salt Lake County, State of Utah.

22. Nemeth is a natural person residing in the Town of Waterford, New London County, State of Connecticut.

23. Hanlon is a natural person residing in the City of Port Orange, Volusia County, State of Florida.

24. Muro is a natural person residing in the City of Salinas, Monterrey County, State of California.

25. Each Plaintiff is a consumer and/or a person as those terms are defined or contemplated by the FDCPA.

26. Each Plaintiff allegedly owes a debt as that term is defined by the FDCPA or has been communicated with in connection with the collection of such a debt.

27. Capital Link is a debt collector as that term is defined by the FDCPA.

28. Rinker is a debt collector as that term is defined by the FDCPA.

29. Piccione is a debt collector as that term is defined by the FDCPA.

30. Capital Link is a New York limited liability company located in the Town of Amherst, Erie County, State of New York.

31. Rinker is a natural person residing in the State of New York.

32. Rinker is an owner of Capital Link.

33. Rinker a member of Capital Link.

34. At all relevant times, acting alone or in concert with others, Rinker has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Capital Link and its employees, including the acts and practices set forth in this Complaint.

35. Piccione is a natural person residing in the State of New York.

36. Piccione is an owner of Capital Link.

37. Piccione is a member of Capital Link.

38. At all relevant times, acting alone or in concert with others, Piccione has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Capital Link and its employees, including the acts and practices set forth in this Complaint.

39. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

40. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

41. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

42. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

43. During the course of their attempts to collect debts allegedly owed to third parties,

Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone, including by text message.

44. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL FACTUAL ALLEGATIONS

45. Defendants are attempting to collect consumer debts from Plaintiffs, allegedly owed by Plaintiffs, or are contacting/communicating with Plaintiffs in connection with Defendants' attempts to collect consumer debts from others.

46. The alleged debts owed arise from transactions for personal, family, or household purposes.

47. The natural consequences of Defendants' actions, as detailed below, was to unjustly condemn and vilify Plaintiffs for their non-payment of the alleged debts.

48. The natural consequences of Defendants' statements and actions, as detailed below, was to produce an unpleasant and/or hostile situation between Defendants and Plaintiffs.

49. The natural consequences of Defendants' actions, as detailed below, was to cause Plaintiffs mental distress.

50. Defendants' actions constitute an invasion of each Plaintiff's individual privacy, and each Plaintiff has suffered a concrete and particularized injury to their legally protected interests of their individual privacy.

**COUNT I**
**TRACY DOHERTY vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Doherty repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count I of Plaintiffs' Complaint.

52. In or around September 2021, Capital Link began attempting to collect the alleged debt from Doherty.

53. Capital Link calls Doherty's cellular telephone at 508-818-1381, in an attempt to collect the alleged debt.

54. Capital Link calls Doherty from 833-934-3518, which is one of Capital Link's telephone numbers.

55. Capital Link also leaves voicemail messages for Doherty.

56. With regard to the above-referenced voicemail messages:

   a. Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC;

   b. Capital Link failed to disclose that the telephone call was made in an attempt to collect a debt; and

   c. Capital Link made vague and veiled threats of legal action against Doherty.

57. To date, Capital Link has not filed suit against Doherty.

58. Capital Link has never had any intention of filing suit against Doherty.

59. Capital Link's above-referenced actions were an attempt to coerce Doherty into payment of the alleged debt.

60. Defendants violated the FDCPA based on the following:

   a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural

consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link attempted to coerce payment from Doherty with the use of vague, veiled, and empty threats of legal action;

b.  Defendants violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Capital Link left voicemail messages for Doherty that failed to disclose that the telephone calls came Capital Link Management, LLC;

c.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in, at least, the following discrete violations of § 1692e;

d.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link attempted to coerce payment from Doherty with the use of vague, veiled, and empty threats of legal action;

e.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link attempted to coerce payment from Doherty with the use of vague, veiled, and empty threats of legal action;

f.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g.  Defendants violated § 1692e(11) of the FDCPA when Capital Link left voicemail

8

messages for Doherty that did not state that the communications were made in an attempt to collect a debt; and

h. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, TRACY DOHERTY, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### EDUARDO AVALOS vs. DEFENDANTS
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Avalos repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count II of Plaintiffs' Complaint.

52. In or around September 2021, Capital Link began attempting to collect the alleged debt from Avalos.

53. Capital Link calls Avalos's cellular telephone at 408-728-1952, in an attempt to collect the alleged debt.

54. Capital Link calls Avalos from, at least, 804-805-5107 and 833-910-4374, which are two of Capital Link's telephone numbers.

55. Capital Link also leaves voicemail messages for Avalos.

56. With regard to the above-referenced voicemail messages:

    a.  Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC;

    b.  Capital Link failed to disclose that the telephone call was made in an attempt to collect a debt; and

    c.  Capital Link made vague and veiled threats of legal action against Avalos.

57. To date, Capital Link has not filed suit against Avalos.

58. Capital Link has never had any intention of filing suit against Avalos.

59. Capital Link's above-referenced actions were an attempt to coerce Avalos into payment of the alleged debt.

60. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link attempted to coerce payment from Avalos with the use of vague, veiled, and empty threats of legal action;

    b.  Defendants violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Capital Link left voicemail messages for Avalos that failed to disclose that the telephone calls came Capital Link Management, LLC;

    c.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in, at least, the following discrete violations of

§ 1692e;

d.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link attempted to coerce payment from Avalos with the use of vague, veiled, and empty threats of legal action;

e.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link attempted to coerce payment from Avalos with the use of vague, veiled, and empty threats of legal action;

f.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g.  Defendants violated § 1692e(11) of the FDCPA when Capital Link left voicemail messages for Avalos that did not state that the communications were made in an attempt to collect a debt; and

h.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, EDUARDO AVALOS, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## CAITLIN STABLES vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Stables repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count III of Plaintiffs' Complaint.

52. In or around September 2021, Capital Link began attempting to collect the alleged debt from Stables.

53. Capital Link calls Stables' cellular telephone at 804-512-0281, in an attempt to collect the alleged debt.

54. Capital Link calls Stables from, at least, 833-937-3286 and 833-934-3518, which are two of Capital Link's telephone numbers.

55. Capital Link also leaves voicemail messages for Stables.

56. With regard to the above-referenced voicemail messages:

    a. Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC;

    b. Capital Link failed to disclose that the telephone call was made in an attempt to collect a debt; and

    c. Capital Link made vague and veiled threats of legal action against Stables.

57. To date, Capital Link has not filed suit against Stables.

58. Capital Link has never had any intention of filing suit against Stables.

59. Capital Link's above-referenced actions were an attempt to coerce Stables into payment

of the alleged debt.

60. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link attempted to coerce payment from Stables with the use of vague, veiled, and empty threats of legal action;

    b.  Defendants violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Capital Link left voicemail messages for Stables that failed to disclose that the telephone calls came Capital Link Management, LLC;

    c.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in, at least, the following discrete violations of § 1692e;

    d.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link attempted to coerce payment from Stables with the use of vague, veiled, and empty threats of legal action;

    e.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link attempted to coerce payment from Stables with the use of vague, veiled, and empty threats of legal action;

    f.  Defendants violated § 1692e(10) of the FDCPA by using any false representation

13

or deceptive means to collect or attempt to collect any debt when Capital Link engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g.   Defendants violated § 1692e(11) of the FDCPA when Capital Link left voicemail messages for Stables that did not state that the communications were made in an attempt to collect a debt; and

h.   Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, CAITLIN STABLES, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

**COUNT IV**
**ALISSA BODIE vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Bodie repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count IV of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Plaintiff originating with Allied Cash Advance.

53. Plaintiff does not owe the alleged debt.

54. Capital Link calls Plaintiff on her cellular telephone at xxx-xxx-1374 in an attempt to collect the alleged debt.

55. Capital Link calls Plaintiff from 716-300-8439, which is one of Capital Link's telephone numbers.

56. On or about February 25, 2022, Capital Link left the following voicemail message on Plaintiff's telephone:

> Good morning, this is a time sensitive and legally required notification for Ms. Alissa Bodie. Ms. Bodie, my name is John Michaels contacting you from the office here at CLM, Pre-legal Division. Our office was recently retained yesterday in regards to a personal matter filed here with our office underneath your name and social security number. Now there is no legal action has yet been taken on this account, you do have the ability to contact the office back here to place a statement to stop this from moving forward. I either need to speak with you or representing counsel no later than Monday end of business, 4:00 PM Eastern Standard Time. Unfortunately, if I do not hear back from you our local services will be notified. They will be coming out to serve legally required notification either to the home or place of employment if there is one. They are going to locate the whereabouts of you to have you sign for this documentation. Now again, to stop this from happening please contact my office. You have the ability to be in the office tomorrow until 1:00 PM Eastern Standard Time on Saturday. But unfortunately if I do not hear back from you our client is asking me to sign off on this matter. That notice will be getting sent out, local services will be notified in your county. Again, to resolve this matter regarding claim 4297338 you must contact my office back no later than Monday, (716) 300-8439. Again, today's date is the 25th of February, time is 11:30 AM Eastern Standard Time. I do look forward to your return call Ms. Bodie. Thank you.

57. On or about February 25, 2022, Plaintiff spoke to one of Capital Link's collectors.

58. During the aforementioned conversation:

    a.  Plaintiff disputed owing the debt and asked Capital Link's collector to send her documentation showing that the alleged debt was legitimate.

    b.  Capital Link's collector stated that it was Plaintiff's responsibility to know which debts are legitimate, not his.

59. On or about February 25, 2022, Plaintiff sent an email to Capital Link's collector disputing the debt and requesting paperwork to validate the debt.

60. Capital Link did not send validation of the debt to Plaintiff.

61. On or about February 25, 2022, Capital Link left the following voicemail message on Plaintiff's telephone:

> Good afternoon again, Alissa. This is John Michaels calling you back again. We can't keep replying through email. So please contact your office back to resolve this matter, to go over any allegation that we have in our office pertaining to your loan and our office for Allied Cash. Again, you got this loan through Allied Cash Advance, okay? Used your JP Morgan Chase Bank account to secure this loan. Right? The funded amount that you got was 2,500. Okay? At that point in time, lender did not receive any payments from you back after you received this loan. Okay? To go over this any further, please do contact my office. We're not going to respond anymore through email. That's not an authentic way to be talking about this. So at this point in time, I went over this with you already on the telephone, on a recorded line. So please do contact my office back, no later than Monday, to resolve this matter. You can contact Allied Cash Advance to confirm if you want more details. Other than that, I have all the information and I gave it all to you regarding your loan here in our office. Okay? The telephone number directly to Allied was provided in the email. You might want to check that and verify that information, and we responded back to your email. Their telephone number is (800) 528-1974. And please regard to your original account number is xxxx9674, that's hyphen dash, the middle dash, ALD. The balance that's owed right now, the charge-off amount is $3,463.82. Thank you.

62. Capital Link has not filed a lawsuit against Plaintiff to collect the debt and never intended to file a lawsuit against Plaintiff to collect the debt.

63. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link attempted to collect a debt from Plaintiff that she does not owe, when Capital Link claimed to have a matter "filed" in their office, when Capital Link claimed to have a matter related to Plaintiff in its

"pre-legal division," when Capital Link threatened that Plaintiff could stop legal action from moving forward if she paid the alleged debt, when Capital Link threatened to serve Plaintiff, when Capital Link claimed it was Plaintiff's responsibility to know if the debt is legitimate, when Capital Link threatened to locate Plaintiff, and when Capital Link called Plaintiff within seven days of having a telephone conversation with Plaintiff in connection with the collection of the debt;

b. Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Capital Link called Plaintiff within seven days of having a telephone conversation with Plaintiff in connection with the collection of the debt in violation of 12 CFR 1006.14;

c. Defendants violated §1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Capital Link left two voicemail messages for Plaintiff and spoke to Plaintiff and referred to Capital Link as "CLM;"

d. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

e. Defendants violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Capital Link claimed to have a matter "filed" in its office, when Capital Link attempted to collect a debt that Plaintiff does

not owe, when Capital Link threatened to serve Plaintiff, and when Capital Link claimed to have a matter related to Plaintiff in its "pre-legal division;"

f.  Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Capital Link claimed to have a matter related to Plaintiff in its "pre-legal division," and when Capital Link threatened to serve Plaintiff if she did not pay the debt, and Capital Link did not intend to take such action;

g.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link attempted to collect a debt that Plaintiff does not owe, when Capital Link claimed to have a matter "filed" in its office, when Capital Link claimed to have a matter related to Plaintiff in its "pre-legal division," when Capital Link attempted to collect a debt that Plaintiff does not owe, and when Capital Link threatened to serve Plaintiff if she did not pay the debt;

h.  Defendants violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, when Capital Link left two voicemail messages for Plaintiff and spoke to her and failed to make the aforementioned disclosure;

i.  Defendants violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, when Capital Link continually claimed to be named "CLM;"

j.  Defendants violated section 1006.14 of Regulation F, 12 CFR 1006.14, by placing a telephone call to a particular person in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Capital Link spoke to Plaintiff on February 25, 2022, and then called her later that same day in connection with the collection of the debt;

k.  Defendants violated § 1692g of the FDCPA by failing to send the notice required by section 1692g(a) within five days after the initial communication with Plaintiff as required, despite having Plaintiff's email address;

l.  Defendants violated § 1692g(b) of the FDCPA by failing to cease collection of the debt if the consumer notifies the debt collector in writing that any portion of the debt is disputed, or that the consumer requests the name and address of the original creditor, and by failing to obtain verification of the debt and mail the same to the consumer, when Plaintiff disputed the debt in writing to Capital Link and requested the name of the original creditor, and Capital Link continued to attempt to collect the debt from Plaintiff without sending her verification of the debt;

m.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct.

19

WHEREFORE, Plaintiff, ALISSA BODIE, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

64. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

65. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

66. Any other relief that this Honorable Court deems appropriate.

**COUNT V**
**EDUARDA CARVALHO vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Carvalho repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count V of Plaintiffs' Complaint.

52. In or around March 2022, Capital Link began attempting to collect the alleged debt from Carvalho.

53. Capital Link calls and sends text messages to Carvalho's cellular telephone at 509-218-9440, in an attempt to collect the alleged debt.

54. Capital Link calls and sends text messages to Carvalho from, at least, 716-306-5502, 716-270-2111, 716-325-4092, and 716-714-0192, which are all telephone numbers belonging to Capital Link.

55. Carvalho did not give Capital Link her consent to send text messages to her telephone at 509-218-9440.

56. Carvalho did not send any text messages from 509-218-9440 to Capital Link.

57. With regard to the above-referenced text messages:

    a. Capital Link failed to disclose that the telephone call/text message was coming from Capital Link Management, LLC; and

    b. Capital Link failed to disclose that the telephone call/text message was made/sent in an attempt to collect a debt.

58. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link placed telephone calls/sent text messages to Carvalho that failed to disclose that the telephone calls/text messages came Capital Link Management, LLC;

    b. Defendants violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Capital Link placed telephone calls/sent text messages to Carvalho that failed to disclose that the telephone calls/text messages came Capital Link Management, LLC;

    c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in, at least, the following discrete violations of § 1692e;

    d. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

    e. Defendants violated § 1692e(11) of the FDCPA when Capital Link sent text messages to Carvalho that did not state that the communications were made in an

attempt to collect a debt;

    f.   Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein; and

    g.   Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Carvalho's telephone with neither Carvalho's prior direct consent to do so nor Carvalho sending Capital Link a text message from her above-referenced telephone number.

WHEREFORE, Plaintiff, EDUARDA CARVALHO, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

59. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

60. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

61. Any other relief that this Honorable Court deems appropriate.

## COUNT VI
## TRAVIS ROMERO vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Romero repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count VI of Plaintiffs' Complaint.

52. Capital Link calls Romero on his cellular telephone at 972-971-8434, in an attempt to collect the alleged debt.

53. Capital Link also leaves voicemail messages for Romero in its attempts to collect the

alleged debt.

54. With regard to the above-referenced voicemail messages:

    a. Capital Link fails to disclose that Capital Link was communicating with Romero in an attempt to collect a debt; and

    b. Capital Link makes vague/veiled threats of legal action and creates a false sense of urgency or seriousness by unnecessarily requesting that Romero or Romero's "attorney" call back Capital Link.

55. To date, Capital Link has not sued Romero.

56. Capital Link has never intended to sue Romero.

57. Defendants violated the FDCPA as follows:

    a. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

    b. Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Capital Link made vague/veiled threats of legal action against Romero;

    c. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link deceptively suggested that Romero needs an attorney/facing legal action; and

    d. Defendants violated § 1692e(11) of the FDCPA by failing to disclose that any information obtained will be used to collect a debt, when Defendant left a voicemail message on Plaintiff's telephone and did not disclose that any information obtained will be used to collect a debt.

WHEREFORE, Plaintiff, TRAVIS ROMERO, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

50. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

51. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

52. Any other relief that this Honorable Court deems appropriate.

## COUNT VII
## JAMES DUFFY vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. James Duffy repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count VII of Plaintiffs' Complaint.

52. Capital Link began calls and sends text messages to James Duffy on his cellular telephone at xxx-xxx-5653, in an attempt to collect a consumer debt.

53. Capital Link calls James Duffy from 812-800-9039 and sends text messages from 215-608-0516, which are two of Capital Link's telephone numbers.

54. James Duffy does not owe the debt that Capital Link is attempting to collect.

55. Capital Link is attempting to collect from James Duffy a debt owed by "Megan Burnette."

56. In or around October 2021, James Duffy answered one of Capital Link's calls and spoke to one of Capital Link's collectors.

57. During the aforementioned conversation:

    a.  Capital Link's collector claimed to be calling from "CLM" and refused to disclose what CLM stood for;

24

    b.   James Duffy stated that he did not know Megan Burnette; and

    c.   James Duffy requested that Capital Link stop contacting him.

58. Despite the foregoing, Capital Link continued to call and send text messages to James Duffy's telephone.

59. Capital Link also sends text messages to James Duffy's cellular telephone:

60. A true-and-correct transcription of one such text message is as follows:

> MEGAN BURNETTE, your account has been transferred from Collections to the Pre Legal Department at CLM. We are required to provide you with a legally required notice. Options are available to assist you in resolving. Please call: 1-833-524-3202. Disclosure: This may begin to negatively impact your credit score. This communication from a debt collector and any information obtained may be used for such purposes. If you wish to no longer receive text messages, please reply STOP.

61. Defendants violated the FDCPA based on the following:

    a.   Defendants violated § 1692b(1) of the FDCPA by communicating with any person other than the consumer and failing to state that the collector is confirming or correcting location information concerning the consumer, when Capital Link communicated with James Duffy in an attempt to collect a debt owed by Megan Burnette, and Capital Link was not attempting to confirm or correct Megan's location information, and when Capital Link's collector refused to identify his employer upon James Duffy's request;

    b.   Defendants violated § 1692b(3) of the FDCPA by communicating with James Duffy more than once;

    c.   Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link continued to call James Duffy after

James Duffy requested that Capital Link stop calling him, when Capital Link sent text messages to Plaintiffs without his permission and when Capital Link attempted to collect a debt that James Duffy does not owe;

d.  Defendants violated §1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Capital Link's collector spoke to James Duffy and refused to disclose Capital Link's identity;

e.  Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Capital Link created the false impression on Plaintiff that Capital Link was permitted to call James Duffy with impunity despite James Duffy's request for Capital Link to stop calling him, and when Capital Link engaged in at least the following discrete violations of § 1692e;

f.  Defendants violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Capital Link sent a text message to James Duffy and claimed the account was with Capital Link's "pre-legal department;"

g.  Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Capital Link sent a text message to James Duffy and threatened to "negatively impact" his credit score, and Capital Link could not legally report the debt to James Duffy's credit report;

h.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link sent a text message to James Duffy and claimed the account was with Capital Link's

"pre-legal department," and when Capital Link threatened to negatively impact James Duffy's credit score;

i.  Defendants violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, when Capital Link's collector spoke to Plaintiff James Duffy and referred to Capital Link as "CLM" and refused to disclose Capital Link's identity, and when Capital Link sent a text message to James Duffy and claimed to be communicating from "CLM;"

j.  Defendants violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to James Duffy's telephone without receiving directly from James Duffy his prior consent to use his above-referenced telephone number to communicate with him about the alleged debt; and

k.  Defendants violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JAMES DUFFY, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

62. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

63. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

64. Any other relief that this Honorable Court deems appropriate.

**COUNT VIII**
**JANETTA DUFFY vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Janetta Duffy repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count VIII of Plaintiffs' Complaint.

52. Capital Link calls Janetta Duffy from 812-800-9039, which is one of Capital Link's telephone numbers.

53. Janetta Duffy does not owe the debt that Capital Link is attempting to collect.

54. Capital Link is attempting to collect from Janetta Duffy a debt owed by "Megan Burnette".

55. On or about May 24, 2022, Capital Link left the following voicemail message on Janetta Duffy's telephone:

> Burnett. I'm calling to verify a current address as well as a place of business address to proceed against you. At this time, you are forfeiting your right to take care of this matter. We will contact your human resources department to follow proper protocol and procedure to move forward with the next steps. Again, the client is willing to rectify this matter if they hear from you today. Their number is 470-319-4110 And reference your claim number 529356, Megan Burnet. This is my final attempt. You've been officially notified.

56. On or about May 26, 2022, counsel for Janetta Duffy notified Capital Link that counsel represented Janetta Duffy in an FDCPA case against Capital Link and requested that Capital Link cease communicating with Janetta Duffy.

57. Despite the foregoing, on or about June 13, 2022, Capital Link sent the following text message to Janetta Duffy's cellular telephone:

> MEGAN BURNETTE, Please call 1-833-524-3202. If you wish to no longer receive text messages, please reply STOP.

58. Defendants violated the FDCPA based on the following:

28

a. Defendants violated § 1692b(1) of the FDCPA by communicating with any person other than the consumer and failing to state that the collector is confirming or correcting location information concerning the consumer, when Capital Link communicated with Janetta Duffy in an attempt to collect a debt owed by Megan Burnette, and Capital Link was not attempting to confirm or correct Megan's location information;

b. Defendants violated § 1692b(3) of the FDCPA by communicating with Janetta Duffy more than once;

c. Defendants violated § 1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, when Capital Link sent a text message to Janetta Duffy after receiving a cease-and-desist/letter of representation from Janetta Duffy's counsel;

d. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link continued to call/text Janetta Duffy after Janetta Duffy after receiving a cease-and-desist/letter of representation from Janetta Duffy's counsel, when Capital Link sent text messages to Janetta Duffy without her permission, when Capital Link sent a text message to Plaintiff Janetta Duffy, when Capital Link attempted to collect a debt that Janetta Duffy does not owe, and when Capital Link left a voicemail message for Janetta Duffy and threatened to contact her human resources department and threatened to "proceed against" her;

e.  Defendants violated §1692d(6) of the FDCPA by placing a telephone calls/text messages to Janetta Duffy without meaningful disclosure of the caller's identity, when Capital Link left a voicemail message/sent text message to Janetta Duffy and failed to disclose Capital Link's identity;

f.  Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Capital Link created the false impression on Janetta Duffy that Capital Link was permitted to call/text Janetta Duffy with impunity, and when Capital Link engaged in at least the following discrete violations of § 1692e;

g.  Defendants violated § 1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, when Capital Link left voicemail messages and sent text messages to Janetta Duffy telephone and failed to make the aforementioned disclosures;

h.  Defendants violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, when Capital Link left voicemail messages/sent text messages to Janetta Duffy and claimed to be communicating from "CLM;"

i.  Defendants violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to Janetta Duffy on her telephone without receiving directly from Janetta

Duffy her prior consent to use the telephone number to communicate with her about the alleged debt; and

j.  Defendants violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct.

**COUNT IX**
**ALFRED MAJKO vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Majko repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count IX of Plaintiffs' Complaint.

52. In or around March 2022, Capital Link began attempting to collect a consumer debt by contacting Majko.

53. Majko does not owe the alleged debt.

54. The debt is allegedly owed by someone named Stephanie Motino.

55. Majko does not know Stephanie Motino.

56. Capital Link calls and sends text messages to Majko's cellular telephone at 312-995-0670, in an attempt to collect the alleged debt.

57. Capital Link's text messages give its callback number at 833-524-3202.

58. Majko did not give Capital Link his consent to send text messages to his telephone at 312-995-0670.

59. Majko did not send any text messages from 312-995-0670 to Capital Link.

60. Majko has called Capital Link on at least three (3) occasions to inform Capital Link that Majko is neither Stephanie Motino nor has any location information for Stephanie Motino—and to stop calling and sending text messages to Majko.

61. Despite Majko repeatedly informing Capital Link of the foregoing, Capital Link continued to call and send text messages to Majko in connection with its attempts to collect a consumer debt from Stephanie Motino.

62. Defendants violated the FDCPA based on the following:

a.  Defendants violated § 1692b(3) of the FDCPA when Capital Link communicated with Majko more than once;

b.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link called Majko even after Majko repeatedly informed Capital Link's collectors that Majko was not who Capital Link was looking for, Majko did not have any location information for who Capital Link was looking for, and to stop calling Majko;

c.  Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Capital Link called Majko even after Majko repeatedly informed Capital Link's collectors that Majko was not who Capital Link was looking for, Majko did not have any location information for who Capital Link was looking for, and to stop calling Majko;

d.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link created the false impression on Majko that Capital Link was permitted by law to continue to engage in unlawful collection tactics with

impunity;

e. Defendants violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link created the false impression on Majko that Capital Link was permitted by law to continue to engage in unlawful collection tactics with impunity;

f. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the foregoing misconduct; and

g. Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Majko's telephone with neither Majko's prior direct consent to do so nor Majko sending Capital Link a text message from her above-referenced telephone number.

WHEREFORE, Plaintiff, ALFRED MAJKO, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

63. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

64. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

65. Any other relief that this Honorable Court deems appropriate.

**COUNT X**
**RYAN AMARAL vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Amaral repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as

paragraphs 1 through 51 of Count X of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid Mid America Bank and Trust account.

53. In or around May 2022, Capital Link began placing collection calls and sending text messages to Amaral on Amaral's mobile telephone at 336-383-0005 in an attempt to collect the alleged debt.

54. Amaral did not give Capital Link his consent to send text messages to his telephone at 336-383-0005.

55. Amaral did not send any text messages from 336-383-0005 to Capital Link.

56. With regard to the above-referenced text messages:

    a. Capital Link failed to disclose that the telephone call/text message was coming from Capital Link Management, LLC;

    b. Capital Link failed to disclose that the telephone call/text message was made/sent in an attempt to collect a debt; and

    c. Capital Link made vague and veiled threats of legal action against Amaral.

57. To date, Capital Link has not filed suit against Amaral.

58. Capital Link has never had any intention of filing suit against Amaral.

59. Despite Capital Link having already located Amaral, Capital Link calls and sends text messages to Amaral's parents and brother in an attempt to collect the alleged debt.

60. Capital Link disclosed to Amaral's parents and brother that Amaral allegedly owes a debt.

61. Capital Link's above-referenced actions with regard to calling/texting Amaral's parents and brother were an attempt to embarrass and coerce Amaral into payment of the alleged debt.

62. The alleged debt was incurred in 2008.

63. There have been no further transactions with regard to the alleged debt since 2008.

64. The applicable statute of limitations in North Carolina to bring legal action to collect on the alleged debt is not more than three (3) years.

65. At all times relevant hereto, the statute of limitations had passed for bringing legal action against Amaral to collect on the alleged debt.

66. In its communications with Amaral regarding the alleged debt:

   a. Capital Link attempted to collect a time-barred debt from Amaral without disclosing in each communication that Capital Link was time-barred from suing Amaral to collect on the alleged debt;

   b. Capital Link attempted to collect a time-barred debt from Amaral without disclosing that a partial payment on the alleged debt could revive/reset the statute of limitations; and

   c. Capital Link attempted to collect a time-barred debt from Amaral without disclosing that a promise to pay the alleged debt could revive/reset the statute of limitations.

67. Defendants violated the FDCPA based on the following:

   a. Defendants violated § 1692b by abusing the purpose and scope of § 1692b when Capital Link engaged in impermissible debt collection tactics by calling/texting Amaral's parents and brother as described above;

   b. Defendants violated § 1692b(2) when Capital Link disclosed to Amaral's parents and brother that Amaral allegedly owes a debt;

   c. Defendants violated § 1692c(b) of the FDCPA by communicating with Amaral's

parents and brother in connection with its attempt to collect the alleged debt—clearly an attempt to embarrass and coerce Amaral into payment of the alleged debt;

d.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Amaral in connection with the collection of an alleged debt when Capital Link attempted to collect a debt from Amaral using such unlawful tactics;

e.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

f.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link made vague, veiled, and empty threats of legal action against Amaral;

g.  Defendants further violated § 1692e(2)(A) of the FDCPA when Capital Link failed to make required disclosures in connection with its attempted collection of a time-barred debt;

h.  Defendants violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Capital Link made vague, veiled, and empty threats of legal action against Amaral;

i.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link made vague, veiled, and empty threats of legal action against Amaral;

36

j. Defendants violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the other discrete violations of § 1692e alleged herein;

k. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the foregoing misconduct; and

l. Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Amaral's telephone with neither Amaral's prior direct consent to do so nor Amaral sending Capital Link a text message from his above-referenced telephone number.

WHEREFORE, Plaintiff, RYAN AMARAL, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

68. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

69. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

70. Any other relief that this Honorable Court deems appropriate.

**COUNT XI**
**JARKIS FULGHEM vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Fulghem repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XI of Plaintiffs' Complaint.

52. On or about June 8, 2022, Capital Link began calling Fulghelm on his cellular telephone at xxx-xxx-9459 in an attempt to collect an alleged debt.

53. Fulghelm does not owe the alleged debt.

54. Capital Link calls Fulghelm from 833-524-3202, which is one of Capital Link's telephone numbers.

55. On or about June 8, 2022, Fulghelm answered one of Capital Link's calls and spoke to one of Capital Link's male collectors.

56. During the aforementioned conversation:

    a.  Fulghelm requested that Capital Link stop calling; and

    b.  Capital Link's collector continued to speak over Fulghelm.

57. Despite the foregoing, on or about June 9, 2022, one of Capital Link's female collectors called Fulghelm and Fulghelm answered the call.

58. During the aforementioned conversation:

    a.  Capital Link's collector told Fulghelm that she did not have to honor Fulghelm's request for Capital Link to stop calling.

59. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link attempted to collect a debt that Fulghelm does not owe, when Capital Link continued to call Fulghelm after Fulghelm requested that Capital Link stop calling him, when Capital Link's collector claimed that Capital Link did not have to honor Fulghelm's request that Capital Link stop calling, and when Capital Link called Fulghelm the day after

38

having had a telephone conversation with Fulghelm in connection with the collection of the debt in violation of 12 CFR 1006.14;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Capital Link called Fulghelm the day after having had a telephone conversation with Fulghelm in connection with the collection of the debt in violation of 12 CFR 1006.14;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Capital Link created the false impression on Fulghelm that Capital Link was permitted to call Fulghelm with impunity despite Fulghelm's request for Capital Link to stop calling him, and when Capital Link engaged in at least the following discrete violations of § 1692e;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Capital Link attempted to collect a debt that Fulghelm does not owe;

e. Defendant violated section 1006.14 of Regulation F (12 CFR 1006.14) by placing a telephone call to a particular person in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Capital Link called Fulghelm on June 8, 2022, and spoke to him in connection with the collection of a debt, and then called Fulghelm on June 9, 2022

in connection with the collection of the same debt; and

  f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct.

  WHEREFORE, Plaintiff, JARKIS FULGHELM, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

60. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

61. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

62. Any other relief that this Honorable Court deems appropriate.

## COUNT XII
## ANTHONY LOPEZ vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Lopez repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XII of Plaintiffs' Complaint.

52. In or around June 2022, Capital Link began attempting to collect the alleged debt from Avalos.

53. Capital Link calls Lopez' cellular telephone at 714-944-6164, in an attempt to collect the alleged debt.

54. Capital Link calls Lopez from, at least, 833-524-3202, which is one of Capital Link's telephone numbers.

55. Capital Link also leaves voicemail messages for Lopez.

56. With regard to the above-referenced voicemail messages:

    a. Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC;

    b. Capital Link failed to disclose that the telephone call was made in an attempt to collect a debt; and

    c. Capital Link made vague and veiled threats of legal action against Lopez.

57. To date, Capital Link has not filed suit against Lopez.

58. Capital Link has never had any intention of filing suit against Lopez.

59. Capital Link's above-referenced actions were an attempt to coerce Lopez into payment of the alleged debt.

60. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link attempted to coerce payment from Lopez with the use of vague, veiled, and empty threats of legal action;

    b. Defendants violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Capital Link left voicemail messages for Lopez that failed to disclose that the telephone calls came Capital Link Management, LLC;

    c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in, at least, the following discrete violations of § 1692e;

d.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link attempted to coerce payment from Lopez with the use of vague, veiled, and empty threats of legal action;

e.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link attempted to coerce payment from Lopez with the use of vague, veiled, and empty threats of legal action;

f.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

g.  Defendants violated § 1692e(11) of the FDCPA when Capital Link left voicemail messages for Lopez that did not state that the communications were made in an attempt to collect a debt; and

h.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, ANTHONY LOPEZ, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. § 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

## COUNT XIII
## WILLIAM SLATON vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Slaton repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XIII of Plaintiffs' Complaint.

52. In or around June 2022, Capital Link began placing collection calls/text messages to Slaton in an attempt collect the alleged debt from Slaton.

53. Capital Link calls/texts Slaton on his mobile telephone at 256-706-3367, in an attempt to collect the alleged debt from Slaton.

54. Capital Link calls/texts Slaton from, at least, 716-270-1997 and 716-815-5969, which are two of Capital Link's telephone numbers.

55. On or about June 30, 2022, Slaton replied to Capital Link's text messages "Stop".

56. Despite Slaton's request to Capital Link to stop calling/texting Slaton, Capital Link continued to call/text Slaton in an attempt to collect the alleged debt.

57. With regard to the above-referenced text messages:

   a. Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC; and

   b. Capital Link gave 833-524-3202 and 716-300-8436 as its callback telephone numbers—both telephone numbers belong to Capital Link.

58. Slaton did not give Capital Link his consent to send text messages to his telephone at 256-706-3367.

59. Slaton did not send any text messages from 815-814-1701 to Capital Link.

60. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Slaton in connection with the collection of an alleged debt when Capital Link sent unlawful text messages to Slaton;

    b.  Defendants further violated § 1692d of the FDCPA when Capital Link continued to call/text Slaton after Slaton requested that Capital Link stop calling/texting him;

    c.  Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Capital Link continued to call/text Slaton after Slaton requested that Capital Link stop calling/texting him;

    d.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link created the false impression on Slaton that Capital Link could violate the FDCPA with impunity;

    e.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein; and

    f.  Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Slaton's telephone with neither Slaton's prior direct consent to do so nor Slaton sending Capital Link a text message from his above-referenced mobile telephone number.

44

WHEREFORE, Plaintiff, WILLIAM SLATON, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

62. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

63. Any other relief that this Honorable Court deems appropriate.

**COUNT XIV**
**AMANDA PUGH vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Pugh repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XIV of Plaintiffs' Complaint.

52. In or around July 2022, Capital Link started placing collection calls and sending text messages to Pugh on Pugh's mobile telephone at 276-223-8514 in an attempt to collect the alleged debt.

53. Capital Link is attempting to collect a consumer debt from Pugh, allegedly owed by Pugh arising from an unpaid Net Credit account.

54. Pugh did not give Capital Link her consent to send text messages to her telephone at 276-223-8514.

55. Pugh did not send any text messages from 276-223-8514 to Capital Link.

56. With regard to the above-referenced text messages:

a. Capital Link failed to disclose that the telephone call/text message was coming from Capital Link Management, LLC;

b.  Capital Link made vague and veiled threats of legal action against Pugh.

57. To date, Capital Link has not filed suit against Pugh.

58. Capital Link has never had any intention of filing suit against Pugh.

59. The alleged debt was incurred in 2008.

60. There have been no further transactions with regard to the alleged debt since 2008.

61. The applicable statute of limitations in Virginia to bring legal action to collect on the alleged debt is not more than five (5) years.

62. At all times relevant hereto, the statute of limitations had passed for bringing legal action against Pugh to collect on the alleged debt.

63. In its communications with Pugh regarding the alleged debt:

a.  Capital Link attempted to collect a time-barred debt from Pugh without disclosing in its communications with Pugh that Capital Link was time-barred from suing Pugh to collect on the alleged debt;

b.  Capital Link attempted to collect a time-barred debt from Pugh without disclosing that a partial payment on the alleged debt could revive/reset the statute of limitations; and

c.  Capital Link attempted to collect a time-barred debt from Pugh without disclosing that a promise to pay the alleged debt could revive/reset the statute of limitations.

64. Defendants violated the FDCPA based on the following:

a.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Pugh in connection with the collection of an alleged debt when Capital Link attempted to collect a debt from Pugh using such unlawful tactics;

b.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

c.  Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link made vague, veiled, and empty threats of legal action against Pugh;

d.  Defendants further violated § 1692e(2)(A) of the FDCPA when Capital Link failed to make required disclosures in connection with its attempted collection of a time-barred debt;

e.  Defendants violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Capital Link made vague, veiled, and empty threats of legal action against Pugh;

f.  Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link made vague, veiled, and empty threats of legal action against Pugh;

g.  Defendants violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the other discrete violations of § 1692e alleged herein;

h.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of

the foregoing misconduct; and

i.   Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Pugh's telephone with neither Pugh's prior direct consent to do so nor Pugh sending Capital Link a text message from her above-referenced telephone number.

WHEREFORE, Plaintiff, AMANDA PUGH, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

65. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

66. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

67. Any other relief that this Honorable Court deems appropriate.

**COUNT XV**
**CARLA ALVAREZ vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Alvarez repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XV of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Alvarez that allegedly originated from an Advance America account.

53. The alleged debt at issue arises from transactions for personal, family, and household purposes.

54. Capital Link began calls Alvarez on Alvarez's cellular telephone number 956-413-0025.

55. Capital Link calls Alvarez from 833-524-3202 and 716-300-8435, which are two of Capital Link's telephone numbers.

48

56. On or around July 22, 2022, Capital Link began calling Alvarez's sister, Maria Alvarez, in an attempt to collect the alleged debt.

57. Capital Link left a voicemail for Alvarez's sister advising of the following:

    a.  Capital Link identified themselves in the voicemail to Alvarez's sister.

    b.  They advised that they are trying to locate Alvarez;

    c.  Capital Link mentioned that they need to speak with Alvarez or her attorney to give her a "certified notice"; and

    d.  They ask to be contacted at 716-300-8435, which is one of Capital Link's telephone numbers.

58. On or about July 25, 2022, Capital Link began sending collection communications via text message to Alvarez's nephew at 956-413-0025, in an attempt to collect the alleged debt.

59. Capital Link texted Alvarez's nephew and asked that he contact Capital Link at 833-524-3202, which is one of Capital Link's telephone numbers.

60. In their text message, Capital Link disclosed the alleged debt to Alvarez's nephew.

61. In their text message, Capital Link made mention of "settlement offer" and that Alvarez needs to "settle" with them, insinuating that there is some underlying legal action has already been taken, or will be taken, against Alvarez.

62. Alvarez gave Capital Link no prior consent to text her on her phone, in regard to any alleged debt collection communications.

63. In its text messages to Alvarez, Capital Link does not state that the name of its company is Capital Link Management, LLC.

64. Capital Link employed the foregoing debt collection tactics in an attempt to instill fear in Alvarez and coerce Alvarez into payment of the alleged debt.

65. To date, Capital Link has not taken legal action against Alvarez.

66. Capital Link never intended to take legal action against Alvarez.

67. Defendants violated the FDCPA as follows:

    a.  Defendants violated § 1692b of the FDCPA by communicating with any person other than the consumer other than for purposes of acquiring location information, when Capital Link contacted both Alvarez's sister and her nephew in an attempt to collect the alleged debt;

    b.  Defendants violated § 1692b(1) of the FDCPA by communicating with any person other than the consumer and failing to state that the collector is confirming or correcting location information concerning the consumer, when Capital Link texted Alvarez's nephew and disclosed Alvarez's alleged debt to him;

    c.  Defendants violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that such consumer owes any debt, when Capital Link texted Alvarez's nephew and disclosed Alvarez's alleged debt to him.

    d.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link texted Alvarez's nephew and disclosed Alvarez's alleged debt to him;

    e.  Defendants violated §1692d(6) of the FDCPA by placing a telephone call/text message to Alvarez without meaningful disclosure of the caller's identity, when Capital Link did not state its name to Alvarez;

    f.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt

when Capital Link engaged in at least the following discrete violations of § 1692e;

g. Defendants violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Capital Link made reference to "certified notices" and "settlement offers", implying that there was some legal action taken, or about to be taken, against Alvarez;

h. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link mentioned the terms "certified notices" and "settlement offer", which implied that there was some legal action taken, or about to be taken, against Alvarez;

i. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct; and

j. Defendants violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to Alvarez without receiving directly from Alvarez her prior direct consent to use her telephone number to communicate about the alleged debt.

WHEREFORE, Plaintiff, CARLA ALVAREZ, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

68. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

69. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

70. Any other relief that this Honorable Court deems appropriate.

## COUNT XVI
## JACQUELINE SILVA vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Silva repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XVI of Plaintiffs' Complaint.

52. Capital Link calls Silva on Silva's cellular telephone at 786-858-2516, in an attempt to collect the alleged debt.

53. Silva has been in communication with Capital Link regarding the alleged debt.

54. Silva was making payments to Capital Link based on an agreed-upon settlement amount and payment plan.

55. In or around July 2022, Capital Link contacted Silva falsely accusing Silva of bouncing a payment to Capital Link.

56. Capital Link also claimed that Silva now owed more than Silva actually owed.

57. Despite Capital Link having already located Silva, and having already communicated with Silva, Capital Link calls Silva's aunt in an attempt to collect the alleged debt.

58. Capital Link calls Silva's aunt from 716-332-6618, which is one of Capital Link's telephone numbers.

59. Capital Link falsely represented to Silva's aunt that Silva had previously used Silva's aunt's telephone number.

60. Capital Link disclosed to Silva's parents and brother that Silva allegedly owes a debt.

61. Capital Link's above-referenced actions with regard to calling Silva's aunt was calculated to embarrass and coerce Silva into payment of the alleged debt.

62. Defendants violated the FDCPA as follows:

    a. Defendants violated § 1692b(1) of the FDCPA by communicating with any person

other than the consumer and failing to state that the collector is confirming or correcting location information concerning the consumer, when Capital Link called Silva's aunt after communicating with Silva;

b. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Capital Link engaged in the foregoing misconduct;

c. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

d. Defendants violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Capital Link falsely represented that Silva's payment to Capital Link did not clear and when Capital Link falsely represented the amount of the alleged debt and then claim that Silva owed more than the agreed-upon amount;

e. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Capital Link falsely represented that Silva's payment to Capital Link did not clear and when Capital Link falsely represented the amount of the alleged debt; and

f. Defendants violated § 1692f(1) of the FDCPA by Capital Link's attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation), as described above, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff, JACQUELINE SILVA, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

63. Actual damages, to be determined at trial, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

64. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

65. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

66. Any other relief that this Honorable Court deems appropriate.

**COUNT XVII**
**MICHEAL COZAD vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Cozad repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XVII of Plaintiffs' Complaint.

52. In or around July 2022, Capital Link began attempting to collect the alleged debt from Cozad.

53. Capital Link calls and sends text messages to Cozad's cellular telephone at 385-236-9431, in an attempt to collect the alleged debt.

54. Capital Link calls and sends text messages to Cozad from, at least, 833-524-3202, which is one of Capital Link's telephone numbers.

55. Cozad did not give Capital Link his consent to send text messages to his telephone at 385-236-9431.

56. Cozad did not send any text messages from 385-236-9431 to Capital Link.

57. With regard to the above-referenced text messages:

    a.  Capital Link failed to disclose that the telephone call/text message was coming from Capital Link Management, LLC.

58. Capital Link also leaves voicemail messages for Cozad.

59. With regard to the above-referenced voicemail messages:

    a.  Capital Link failed to disclose that the telephone call was coming from Capital Link Management, LLC;

    b.  Capital Link failed to disclose that the telephone call was made in an attempt to collect a debt; and

    c.  Capital Link made vague and veiled threats of legal action against Cozad.

60. To date, Capital Link has not filed suit against Cozad.

61. Capital Link has never had any intention of filing suit against Cozad.

62. Capital Link's above-referenced actions were an attempt to coerce Cozad into payment of the alleged debt.

63. On more than one occasion, Cozad's counsel sent to Capital Link a written notice of representation and cease-and-desist request, which Capital Link received.

64. Despite receiving written notification that Cozad is represented counsel with regard to the alleged debt, Capital Link has continued to communicate/attempt to communicate with Cozad.

65. Defendants violated the FDCPA based on the following:

    a.  Defendants violated § 1692c(a)(2) of the FDCPA by communicating with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt, when Capital Link continued to communicate with

55

Cozad after receiving a written notice of representation and cease-and-desist from Cozad's attorney;

b.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link continued to call/text Cozad after receiving a written notice of representation and cease-and-desist from Cozad's attorney;

c.  Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Capital Link continued to call/text Cozad after receiving a written notice of representation and cease-and-desist from Cozad's attorney;

d.  Defendants violated §1692d(6) of the FDCPA by placing telephone calls to Cozad without meaningful disclosure of the caller's identity, when Capital Link sent text messages/voicemail messages to Cozad and did not disclose the communication is from Capital Link Management, LLC;

e.  Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

f.  Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Capital Link threatened to take legal action against Cozad and Capital Link did not intend to take such action;

g.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link falsely represented that a lawsuit is filed against Cozad;

h.  Defendants violated § 1692e(11) of the FDCPA by failing to disclose during numerous conversations/communications with Cozad that Capital Link is a debt collector and any information obtained will be used to collect a debt; and

i.  Defendants violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to Cozad on Cozad's telephone without receiving directly from Cozad his prior consent to use the telephone number to communicate with him about the alleged debt.

WHEREFORE, Plaintiff, MICHEAL COZAD, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

66. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

67. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

68. Any other relief that this Honorable Court deems appropriate.

## COUNT XVIII
## DANIEL NEMETH vs. DEFENDANTS
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Nemeth repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XVIII of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Nemeth, allegedly owed by

57

Nemeth for an unpaid motorcycle loan from Yamaha.

53. Capital Link calls Nemeth on Nemeth's cellular telephone at 860-710-3042 in an attempt to collect the alleged debt from Nemeth.

54. Capital Link also leaves voicemail messages for Capital Link in an attempt to collect the alleged debt.

55. With regard to the above-referenced voicemail messages:

    a. Capital Link threatened to repossess Nemeth's motorcycle;

    b. Capital Link makes vague/veiled threats of legal action and creates a false sense of urgency or seriousness by requesting that Nemeth's "attorney" call back Capital Link; and

    c. Capital Link failed to disclose that it was calling Nemeth in an attempt to collect the alleged debt.

56. To date, Capital Link has not sued Nemeth.

57. Capital Link has never intended to sue Nemeth.

58. Capital Link also calls Nemeth's elderly mother at 603-556-9217, in an attempt to collect the alleged debt.

59. Nemeth's mother has answered at least one collection call from Capital Link.

60. During the above-referenced collection call, one of Capital Link's female collectors disclosed to Nemeth's mother that Nemeth allegedly owes a debt.

61. Capital Link's collector also screamed at Nemeth's mother demanding information about Nemeth and threatened that the police would be coming to Nemeth's mother's home.

62. Nemeth's mother is not a co-obligor with regard to the alleged debt.

63. Capital Link had no permissible purpose to disclose to Nemeth's mother that Nemeth owes

an alleged debt.

64. Capital Link's above-referenced actions with regard to calling Nemeth's elderly mother was calculated to embarrass and coerce Nemeth into payment of the alleged debt.

65. Defendants violated the FDCPA as follows:

    a.  Defendants violated § 1692b by abusing the purpose and scope of § 1692b to engage in impermissible debt collection tactics by Capital Link calling Nemeth's mother as described above;

    b.  Defendants violated § 1692b(2) by stating to Nemeth's mother that Nemeth allegedly owes a debt;

    c.  Defendants violated § 1692c(b) of the FDCPA by Capital Link communicating with Nemeth's mother in connection with its attempt to collect the alleged debt— clearly an attempt to embarrass and coerce Nemeth into payment of the alleged debt;

    d.  Defendants further violated § 1692d of the FDCPA when Defendant employed the above-referenced unlawful debt collection tactics in an attempt to coerce Nemeth into payment of the alleged debt;

    e.  Defendants violated § 1692d(1) of the FDCPA by the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof when Capital Link's collector threatened to have the police come to Nemeth's mother's home;

    f.  Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Capital Link's collector

threatened to have the police come to Nemeth's mother's home;

g.   Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

h.   Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link made empty threats of legal action against Nemeth;

i.   Defendants violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Capital Link's collectors made empty threats to Nemeth of legal action;

j.   Defendants violated § 1692e(5) of the FDCPA by Capital Link's threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link made empty threats of legal action against Nemeth;

k.   Defendants violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Capital Link's collector threatened to have the police come to Nemeth's mother's home;

l.   Defendants violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least all of the other discrete violations of § 1692e

alleged herein;

m. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the misconduct alleged herein;

n. Defendants violated § 1692g(a)(3) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Capital Link made unlawful and empty threats to repossess Nemeth's motorcycle.

WHEREFORE, Plaintiff, DANIEL NEMETH, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

66. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

67. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

68. Any other relief that this Honorable Court deems appropriate.

**COUNT XIX**
**PATRICK J. HANLON, JR. vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Hanlon repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XIX of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Hanlon originating with Pentagon Federal Credit Union loan for a vehicle.

53. Capital Link calls and sends text messages to Hanlon on his cellular telephone at xxx-xxx-8163 in an attempt to collect the alleged debt.

54. Capital Link also calls Hanlon's employer at xxx-xxx-7915 in an attempt to collect the alleged debt.

55. Capital Link calls and sends text messages from 716-270-1959, 321-379-5683, 585-542-1053, 716-575-2266, and 716-898-0986, which are several of Capital Link's telephone numbers.

56. Capital Link began calls Hanlon numerous times each day, sometimes minutes apart.

57. On numerous occasions, Capital Link called Hanlon more than seven times within seven days.

58. On numerous occasions Hanlon would speak to Capital Link's collectors and explain that he could not pay the alleged debt.

59. Despite the foregoing, Capital Link's collectors would call Hanlon back, sometimes the same day, and sometimes within seven days, and attempt to coerce Hanlon into paying the alleged debt.

60. Worn down by Capital Link calling relentlessly, and terrified that Capital Link's conduct would escalate, Hanlon felt as though he had no other option but to make payments on the alleged debt.

61. Capital Link withdrew $25 per week from Hanlon's personal checking account for approximately seven months.

62. Hanlon requested an account balance and/or statements from Capital Link numerous times, but Capital Link refused to provide a balance or statements.

63. Capital Link never sent Hanlon any documentation related to the debt or his payments via mail, email, or text message.

64. On July 11, 2022, Capital Link sent Hanlon the following text message:

> PATRICK      HANLON      Please      call:      1-833-524-3202
> CapitalLinkManagement.com Communication is from a Debt Collector. If
> you wish to no longer receive text messages, please reply STOP.

65. On July 25, 2022, Capital Link sent Hanlon the following text message:

> PATRICK HANLON Your payment declined. Your account has been
> placed with our office for Collections. Please call Mr. Roth at 1-716-332-
> 6618. CapitalLinkManagement.com Communication is from a Debt
> Collector. If you wish to no longer receive text messages, please reply
> STOP.

66.  On August 10, 2022, Capital Link sent Hanlon the following text message:

> Hi, PATRICK HANLON. This message is from CLM. Your Pentagon
> Federal Credit Union Loan was placed with us for Collections. Current
> Balance is $3,769.77. Program 1: Settlement/Reduction: Eliminate your
> total balance for a one time payment of: $1,507.91. Program 2: Interest free
> payment plan. Pay $3,769.77, requires just 10% down, and then monthly
> payments. If interested please call 1-877-328-8356. This communication is
> from a debt collector and any information obtained may be used for such
> purposes.

67. On August 11, 2022, Capital Link sent Hanlon the following text message:

> Hi,  PATRICK      HANLON.      Please    call    1-877-328-8356.      This
> communication is from a debt collector and any information obtained may
> be used for such purposes. CapitalLinkManagement.com If you wish to no
> longer receive text messages, please reply STOP.

68. On August 11, 2022, Capital Link also sent Hanlon the following text message:

> Your Pentagon Federal Credit Union Loan was placed with us for
> Collections. We understand many people are currently experiencing a
> financial hardship. Our client is offering to close the loan for 60% off. Pay

just $1,507.91, Once resolved all negative remarks will be removed. If you are not able to take advantage of the settlement, we have many small monthly payment arrangements available. If you are interested in working something out please call 1-716-302-2163. This communication is from a debt collector and any information obtained may be used for that purpose. CapitalLinkManagement.com.

69. On August 13, 2022, Capital Link sent Hanlon the following text message:

Name: PATRICK HANLON. Payment Declined. Please call: 1-877-328-8356. This communication is from a debt collector and any information obtained may be used for such purposes. CapitalLinkManagement.com If you wish to no longer receive text messages, please reply STOP.

70. On August 18, 2022, Capital Link sent Hanlon the following text message:

PATRICK HANLON. Your payment declined. Please call: 1-877-328-8356. This communication is from a debt collector and any information obtained may be used for such purposes. CapitalLinkManagement.com If you wish to no longer receive text messages, please reply STOP.

71. On August 20, 2022, Capital Link sent Hanlon the following text message:

Hi, PATRICK HANLON. Your Pentagon Federal Credit Union loan payment declined. Current Balance is $3,769.77. Settle and close your loan for a payment of $1,884.89. Once paid all negative remarks will be removed. If interested please call 1-877-328-8356. CapitalLinkManagement.com This communication is from a debt collector and any information obtained may be used for such purposes. If you wish to no longer receive text messages, please reply STOP.

72. On August 23, 2022, Capital Link sent Hanlon the following text message:

Hi, PATRICK HANLON. Please call: 1-877-328-8356. This communication is from a debt collector and any information obtained may be used for such purposes. CapitalLinkManagement.com If you wish to no longer receive text messages, please reply STOP.

73. Hanlon did not consent and/or give permission to Capital Link to send him text messages.

74. Hanlon has answered some of Capital Link's calls and has spoken with Capital Links collectors.

75. During one such conversation:

a.  Hanlon requested that Capital Link provide documentation validating the debt; and

b.  Capital Link's collector claimed that Capital Link did not have to provide documentation.

76. During another such conversation:

a.  Capital Link's collector threatened to call Hanlon's employer and "call corporate."

77. After having numerous conversations with Hanlon about the alleged debt, Capital Link called the phone number of the store where Hanlon is employed approximately five to six times.

78. Defendants violated the FDCPA based on the following:

a.  Defendants violated § 1692b of the FDCPA by communicating with any person other than the consumer other than for the purpose of acquiring location information about the consumer, when Capital Link called Hanlon's place of employment despite having Hanlon's location information;

b.  Defendants violated § 1692c(b) of the FDCPA by communicating, in connection with the collection of any debt, with any person other than the consumer, without the prior consent of the consumer, when Capital Link's collectors began calling Hanlon's place of employment without Hanlon's consent;

c.  Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Capital Link threatened to call Hanlon's employer and "call corporate," when Capital Link refused to provide documentation to Hanlon validating the debt, when Capital Link refused to provide an account balance and/or statements to Hanlon after he began making payments,

65

when Capital Link continued to attempt to collect the debt despite Hanlon stating that he could not pay the debt, when Capital Link called the store where Hanlon is employed despite having Hanlon's phone number, when Capital Link sent numerous text messages to Hanlon's telephone without his permission, when Capital Link called Hanlon numerous times each day and more than seven times within seven consecutive days, and when Capital Link called Hanlon in connection with the collection of the alleged debt within seven days of having had a telephone conversation with Hanlon regarding the debt;

d.  Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Capital Link placed more than seven telephone calls to Hanlon within seven consecutive days in violation of 12 CFR 1006.14 on numerous occasions, and when Capital Link placed a telephone call to Hanlon in connection with the collection of a particular debt within a period of seven consecutive days after having had a telephone conversation with Hanlon in connection with the collection of such debt in violation of 12 CFR 1006.14 on numerous occasions;

e.  Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link created the false impression on Hanlon that Capital Link was permitted to call Hanlon with impunity and attempt to collect the debt despite Hanlon informing Capital Link that he could not pay the alleged debt, and when Capital Link engaged in at least the following discrete violations of § 1692e;

66

f.  Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Capital Link threatened to call Hanlon's employer and "call corporate" and when Capital Link refused to validate the alleged debt when Capital Link could not legally take such action;

g.  Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Capital Link sent a text message to Hanlon claiming to provide an "interest free payment plan" when the account was not accruing interest, when Capital Link claimed that it did not have to validate the alleged debt, and when Capital Link refused to provide Hanlon with his balance and/or statements after he began making payments;

h.  Defendants violated § 1692e(14) of the FDCPA by using any business, company, or organization name other than the true name of the debt collector's business, company, or organization, when Capital Link sent a text message to Hanlon and claimed to be named "CLM;"

i.  Defendants violated § 1692f(2) of the FDCPA by accepting a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit, when Capital Link accepted payments from Hanlon and failed to notify Hanlon in writing of its intent to deposit the money;

j.  Defendants violated section 12 CFR 1006.14 by placing a telephone call to a particular person in connection with the collection of a particular debt within a

period of seven consecutive days after having had a telephone conversation with the person in connection with the collection of such debt, when Capital Link called Hanlon within seven days of discussing the alleged debt with him on numerous occasions;

k.  Defendants violated section 12 CFR 1006.14 by placing more than seven telephone calls to Hanlon within seven consecutive days on numerous occasions;

l.  Defendants violated 12 CFR 1006.6 by sending text messages to Hanlon on Hanlon's telephone without receiving directly from Hanlon his prior consent to use the telephone number to communicate with him about the alleged debt;

m.  Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Capital Link engaged in all of the foregoing misconduct;

n.  Defendants violated § 1692g(a)(3) of the FDCPA by Capital Link ignoring Plaintiff's request for debt verification and of the alleged debt and continuing to assume the validity of the alleged debt when Capital Link engaged in the foregoing misconduct; and

o.  Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Capital Link engaged in the foregoing misconduct.

WHEREFORE, Plaintiff, PATRICK HANLON, JR., respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

79. Actual damages of not less than $700.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

80. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

81. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

82. Any other relief that this Honorable Court deems appropriate.

**COUNT XX**
**TIFFANY MURO vs. DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

51. Muro repeats and realleges paragraphs 1 through 50 above of Plaintiffs' Complaint as paragraphs 1 through 51 of Count XX of Plaintiffs' Complaint.

52. Capital Link is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from an unpaid The Cash Store account.

53. In or around September 2022, Capital Link began placing collection calls/sending text messages to Muro on Muro's mobile telephone at 831-776-8883 in an attempt to collect the alleged debt.

54. Capital Link also sends email messages to Muro at ziffanymg@yahoo.com in an attempt to collect the alleged debt.

55. On or about September 1, 2022, Muro spoke to two of Capital Link's collectors.

56. With regard to the above-referenced collection call:

   a. Capital Link's collectors attempted to collect the alleged debt from Muro;

   b. Muro disputed owing the alleged debt;

   c. Capital Link's collectors threatened to contact Muro's employer if she did not pay

69

the alleged debt; and

    d.  Capital Link's collectors threatened to garnish Muro's wages if she did not pay the alleged debt.

57. To date, Capital Link has not filed suit against Muro.

58. Capital Link has never had any intention of filing suit against Muro.

59. Despite Capital Link having already located Muro, Capital Link calls and sends text messages to Muro's parents and brother in an attempt to collect the alleged debt.

60. *Arguendo*, even if Muro owed the alleged debt, the alleged debt was incurred, at the latest, in 2014.

61. There have been no further transactions with regard to the alleged debt since, at the latest, 2014.

62. The applicable statute of limitations in California to bring legal action to collect on the alleged debt is not more than four (4) years.

63. At all times relevant hereto, the statute of limitations had passed for bringing legal action against Muro to collect on the alleged debt.

64. In its communications with Muro regarding the alleged debt:

    a.  Capital Link attempted to collect a time-barred debt from Muro without disclosing that Capital Link was time-barred from suing Muro to collect on the alleged debt;

    b.  Capital Link attempted to collect a time-barred debt from Muro without disclosing that a partial payment on the alleged debt could revive/reset the statute of limitations; and

    c.  Capital Link attempted to collect a time-barred debt from Muro without disclosing that a promise to pay the alleged debt could revive/reset the statute of limitations.

70

65. Defendants violated the FDCPA based on the following:

    a.   Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Muro in connection with the collection of an alleged debt when Capital Link attempted to collect a debt from Muro using such unlawful tactics;

    b.   Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the following discrete violations of § 1692e;

    c.   Defendants violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Capital Link made unlawful and empty threats of legal action against Muro;

    d.   Defendants further violated § 1692e(2)(A) of the FDCPA when Capital Link failed to make required disclosures in connection with its attempted collection of a time-barred debt;

    e.   Defendants violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Capital Link made unlawful and empty threats of legal action, including wage garnishment, against Muro;

    f.   Defendants violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Capital Link made unlawful and empty threats of legal action against Muro;

g.   Defendants violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Capital Link engaged in at least the other discrete violations of § 1692e alleged herein;

h.   Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Capital Link engaged in all of the foregoing misconduct;

i.   Defendants violated § 1006.6(d)(4) of Regulation F by sending email messages to Muro's above-referenced email address with none of the exceptions of this subsection being available to it; and

j.   Defendants violated § 1006.6(d)(5) of Regulation F by sending text messages to Muro's above-referenced telephone number with neither Muro's prior direct consent to do so nor Muro sending Capital Link a text message from her above-referenced telephone number.

WHEREFORE, Plaintiff, TIFFANY MURO, respectfully requests judgment be entered, both jointly and severally, against Defendants, CAPITAL LINK MANAGEMENT, LLC, SAMUEL PICCIONE, and JONATHAN RINKER, for the following:

66.   Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

67.   Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

68. Any other relief that this Honorable Court deems appropriate.

DATED: September 02, 2022        Respectfully submitted,
                                  AGRUSS LAW FIRM, LLC

                          By: /s/ James J. Parr
                                  James J. Parr
                                  IL State Bar #: 6317921
                                  Agruss Law Firm, LLC
                                  4809 N. Ravenswood Ave., Suite 419
                                  Chicago, IL 60640
                                  Tel: 312-224-4695
                                  Fax: 312-253-4451
                                  james@agrusslawfirm.com
                                  Attorney for Plaintiff